UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY LAMONT BEVERLEY, et al., | |
| Plaintiffs, | |
| v. | Case No. 3:24-CV-009-GSL-AZ |
| JAYCO INC, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Jayco, Inc.'s Motion to Dismiss [DE 14] and Defendant Camping World RV Sales, LLC's Partial Motion to Dismiss [DE 10]. For the following reasons, the Court DENIES Defendant Jayco's motion and GRANTS Defendant Camping World's motion.

**A. Factual Background**

On July 28, 2022, Plaintiffs purchased a Jay Feather Micro 171BH (the "camper") from Defendant Camping World for $43,825.96. [DE 1, ¶ 9]. This camper was manufactured by Defendant Jayco. [*Id.*]. On the date of purchase, Plaintiffs signed a purchasing agreement with Camping World. [DE 8-1]. As part of the purchase, Plaintiffs allege that they received a Limited Warranty—manufacturer's warranty by Defendant Jayco—but that Defendant Camping World did not provide Plaintiffs an opportunity to review the Limited Warranty before finalizing the purchase. [DE 1, ¶¶ 10, 23]. The Limited Warranty states in relevant part that:

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR OTHERWISE RELATING TO YOUR PURCHASE OR OWNERSHIP OF THE RV MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA.

[DE 1, ¶ 10].

On July 30, 2022, Plaintiffs brought the camper back to Defendant Camping World because of a malfunction with the entry door, which was later determined to be an installation problem caused by the manufacturer, Defendant Jayco. [*Id.* at ¶ 12]. Plaintiffs later discovered additional problems with the vehicle. [*Id.* at ¶ 13]. Plaintiffs allege that despite notifying Defendants of the problems with the camper, Defendants failed to make any additional repairs to the camper, rendering the camper out of service since, effectively, the date of purchase. [*Id.* at ¶¶ 14-15].

In the instant action, Plaintiffs sue Defendants for violations of the Virginia Consumer Protection Act ("Count 1") and of the Magnuson-Moss Warranty Act ("Count 2"). [*Id.* at ¶¶ 17-27]. Defendant Camping World seeks dismissal of Count 1 and Defendant Jayco seeks dismissal of the action in its entirety. [DE 10]; [DE 14].

**B. Legal Standard**

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled

to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

## C. Discussion

### a. Jayco's Motion to Dismiss

#### i. Virginia Consumer Protection Act Claim

In Count 1, Plaintiffs allege that Defendants violated the Virginia Consumer Protection Act ("VCPA") by fraudulently concealing contract provisions, falsely representing the initial quality of the camper, and misrepresenting the subsequent repairs and services performed on the camper. [DE 1, ¶¶ 18–19]. Defendant Jayco argues that Count 1 should be dismissed because the Limited Warranty's choice of law provision states that the "Limited Warranty shall be interpreted and construed in accordance with the laws of the State of Indiana." The VCPA is a statute of Virginia. [DE 15, page 5].

A statutory tort claim is not necessarily controlled by a contract choice of law analysis. *See Mouser v. Keystone RV Company*, No. 20-CV-494, 2023 WL 2475234, at *4 (N.D. Ind. Mar. 13, 2023) (citing *Simon v. United States*, 805 N.E.2d 798, 801 (Ind. 2004)). Rather, a single action could contain multiple claims that require the application of different states' law. *See Allen v. Great Am. Rsrv. Ins. Co.*, 766 N.E.2d 1157 (Ind. 2002) (applying Indiana law to breach of contract and common law fraud claims but North and South Carolina law to claims brought under each state's respective unfair trade practices law); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Standard Fusee Corp.*, 940 N.E.2d 810, 815 (Ind. 2010) ("[A]n Indiana court might analyze a contract claim and a tort claim independently" regarding the application of laws from different jurisdictions) (quoting *Simon v. United States*, 805 N.E.2d 798, 801 (Ind.2004)). While a choice of law analysis may be required to determine which state's laws apply for

3

common law claims in a diversity action, a claim for violation of a state's statute clearly requires the application of that state's law. *See Northern Trust Co. v. Peters*, 69 F.3d 123, 129-30 (7th Cir. 1995) (applying the substantive law of the United Kingdom, except as to claims brought under the Illinois Consumer Fraud Act and the Uniform Deceptive Trade Practices Act, to which the court applied Illinois law). In the instant case, the Limited Warranty provides a choice of law provision relating to potential warranty or contract disputes. The VCPA claim alleges fraudulent tortious conduct, which is separate from the warranty issues alleged in the Magnuson-Moss claim. Therefore, this Court finds that Plaintiffs can maintain an action under the VCPA, and Virginia law will apply.

### ii.  *Magnuson-Moss Claim*

In Count 2, Plaintiffs allege that Defendants violated the Magnuson-Moss Warranty Act because the Limited Warranty failed its essential purpose, Defendants failed to repair or replace the nonconformities in the camper within a reasonable time, and Defendants refused to provide a refund. [DE 1, ¶ 24]. Plaintiffs also allege a violation of Magnuson-Moss because Defendants breached their implied warranties of merchantability. [*Id.* at ¶ 25]. Defendant Jayco argues that Count 2 should be dismissed because Plaintiffs failed to exhaust all the remedies under the Limited Warranty. [DE 15, page 4]. Specifically, Defendant Jayco argues that Plaintiffs never contacted Defendant Jayco about repairing the camper before initiating the instant action. [*Id.* at page 5].

The Limited Warranty requires that "[Plaintiffs] *notify* Jayco or an authorized dealer . . . of the substantial defect" before Plaintiffs are entitled to any other remedy under the Limited warranty, including, ultimately, initiating a lawsuit. [*Id.* at page 4]. Plaintiffs allege such notice twice in the Complaint. [DE 1, ¶¶ 12, 14]. First, Plaintiffs allege that they "returned the trailer to

4

Camping World because the entry door was malfunctioning . . . . Camping World is an authorized warranty repair agent for Jayco." [*Id.* at ¶ 12]. This appears to satisfy the requirement in the Limited Warranty that Plaintiffs notify an "authorized dealer." *See Mouser*, 2023 WL 2475234, at *5 (finding that notification of vehicle defects to an RV dealer likely satisfied the requirement of notifying the RV manufacturer too). Second, Plaintiffs allege that "Jayco, Inc. informed the Plaintiffs it would not authorize nor pay for any additional repair." [*Id.* at ¶ 12]. Accepting this as true, the logical inference would be that Defendant Jayco was *notified* about the defect; otherwise, Defendant Jayco would have no reason to inform Plaintiffs of the lack of authorization for further repairs.

Defendant Jayco disputes Plaintiffs allegations relating to the required notice under the Limited Warranty. [DE 3, ¶¶ 12, 14]. However, such disputes require the Court to make factual determinations, which is inappropriate at this stage of the case. Under the 12(b)(6) standards, the Court only determines whether Plaintiffs have properly plead its claim, and here the Court determines they have. Therefore, the Plaintiffs may proceed with the Magnuson-Moss claim against Jayco.

b. **Camping World's Partial Motion to Dismiss**

Defendant Camping World only seeks to dismiss the Magnuson-Moss claim (Count 2). [DE 10]. It argues that this claim is "premised upon a violation of an express Limited Warranty and an implied warranty of merchantability." [DE 6, page 1]; *see* [DE 1, ¶¶ 24–25]. Moreover, Defendant argues that it is not a party to the Limited Warranty and that it disclaimed all warranties. [DE 6, page 2]. In response, Plaintiffs argue that § 2308 of Magnuson-Moss prohibits disclaimers of implied warranties when the parties have entered into a service contract. [DE 11, page 3]. Plaintiffs also argue that Defendant Camping World is a warrantor pursuant to

5

§§ 2301(5) & (6)(B) and that discovery is required to uncover a "written undertaking" that allegedly shows Defendant agreeing to repair Plaintiff's camper. [*Id.* at page 3–4]. Plaintiffs do not argue that Defendant Camping World is a party to the Limited Warranty by Defendant Jayco.

      The basis of both of Plaintiffs' arguments are exhibits that are missing from the motion. [*Id.* at page 2] ("Attached hereto as Exhibit 1 is the Buyer's Order from Camping World RV Sales . . . ."); [*Id.* at page 3] ("Attached hereto as Exhibit 2 are three repair orders from Camping World RV Sales, LLC."). There is only a single exhibit attached to the Plaintiffs' response to the instant motion—Anthony Beverly's Declaration—and it does not relate to either of those referenced by Plaintiffs in their response. [DE 8-1]. The documents that Plaintiffs referenced as Exhibit 1 appears to be the "Exhibit A" that Defendant Camping World attached to its Answer. But that is not an inference or assumption that this Court will make. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004) ("[The Court] will not root through . . . the record here to make his case for him."). Without the proper exhibits attached, Plaintiffs' response to the instant motion lacks factual substance. Therefore, the Court grants Defendant Camping World's motion to dismiss without prejudice to reconsider, pending Plaintiffs filing the above-described missing exhibits on or before July 19, 2024.

## **CONCLUSION**

For these reasons, Defendant Jayco's Motion to Dismiss [DE 14] is DENIED and Defendant Camping World's Partial Motion to Dismiss [DE 10] is GRANTED without prejudice to reconsider.

SO ORDERED.

ENTERED: July 11, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court