UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |
|---|---|
| ANTHONY LAMONT BEVERLEY, et al., | |
| Plaintiffs, | |
| v. | Case No. 3:24-CV-00009-GSL-AZ |
| JAYCO INC, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants Jayco's and Camping World's Motion to Dismiss [DE 43]. Plaintiffs did not file a response, and the time to do so has passed. For the following reasons, the Court GRANTS Defendants' motion.

### A. Background

On July 28, 2022, Plaintiffs purchased a Jay Feather Micro 171BH (the "camper") from Defendant Camping World for $43,825.96. [DE 1, ¶ 9]. This camper was manufactured by Defendant Jayco. [*Id.*]. On the date of purchase, Plaintiffs signed a purchasing agreement with Camping World. [DE 8-1]. As part of the purchase, Plaintiffs allege that they received a Limited Warranty—manufacturer's warranty by Defendant Jayco—but that Defendant Camping World did not provide Plaintiffs an opportunity to review the Limited Warranty before finalizing the purchase. [DE 1, ¶¶ 10, 23]. The Limited Warranty states in relevant part that:

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR OTHERWISE RELATING TO YOUR PURCHASE OR OWNERSHIP OF THE RV MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA.

[*Id.* at ¶ 10].

On July 30, 2022, Plaintiffs brought the camper back to Defendant Camping World because of a malfunction with the entry door, which was later determined to be an installation problem caused by the manufacturer, Defendant Jayco. [*Id.* at ¶ 12]. Plaintiffs later discovered additional problems with the vehicle. [*Id.* at ¶ 13]. Plaintiffs allege that Defendant Camping World was unable to repair all the defects on the camper. [*Id.* at ¶ 14]. Further, Plaintiffs allege that on December 8, 2022, Defendant Jayco informed Plaintiffs that it would not authorize or pay for any additional repairs. [*Id.*]. Plaintiffs argue that the camper has been out of service since the date of purchase. [*Id.* at ¶ 15].

In the instant action, Plaintiffs sued Defendants for violations of the Virginia Consumer Protection Act ("Count 1") and of the Magnuson-Moss Warranty Act ("Count 2"). [*Id.* at ¶¶ 17-27]. Both Defendants previously filed motions to dismiss [DE 10; DE 14], and this Court dismissed Count 2 against Defendant Camping World and sustained the rest of the claims. [DE 42].

On July 30, 2024, Defendants filed the instant Motion for Judgment on the Pleadings. [DE 43]. The parties seek favorable judgment on Count 1. [*Id.*]. Plaintiffs did not file a response, and the time to do so has passed. *See* N.D. Ind. L.R. 7-1(d)(5) ("The court may rule on a motion summarily if an opposing party does not file a response before the deadline.").

### B.  Legal Standard

Under Rule 12(c), a party may move for judgment on the pleadings after the complaint and answer have been filed. Fed. R. Civ. P. 12(c); *see Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910

F.2d 1510, 1520 (7th Cir. 1990). As with Rule 12(b)(6) motions, the Court must view the facts alleged in the light most favorable to the non-moving party. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) (citing *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718–19 (7th Cir.2002)). A challenged claim will survive a motion for judgment on the pleadings only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### C. Analysis

In Count 1, Plaintiffs allege violations of the Virginia Consumer Protection Act, VA. CODE ANN. § 59.1-196 ("VCPA"). [DE 1, §18]. To succeed on claims under the VCPA, "the plaintiff must allege (1) fraud, (2) by the supplier, (3) in a consumer transaction." *Massey v. Nexus RVs, LLC*, 680 F. Supp. 3d 1051, 1067 (N.D. Ind. 2023) (quoting *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp.2d 443, 456 (E.D. Va. 2009)). Because such claims involve allegations of fraud, "VCPA claims are subject to Rule 9(b)'s heightened pleading standard, which requires plaintiffs to 'state with particularity the circumstances constituting fraud or mistake.'" *Orr v. Keystone RV Co.*, No. 23-CV-815, 2024 WL 2883510, at *5 (E.D. Va. June 7, 2024) (*Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 656 (W.D. Va. 2013) (quoting Fed. R. Civ. P. 9(b))). Specifically, "plaintiff[s] must state with particularity 'the time, place, and contents of the false representations, as well as the identity of the person making the

misrepresentation and what he obtained thereby.'" *Orr*, 2024 WL 4453767, at *4 (E.D. Va. Oct. 9, 2024) (quoting *Fravel*, 973 F. Supp. 2d at 656).

In their complaint, Plaintiffs argue that Defendants violated the VCPA in three different ways. First, relating to the forum selection clause in the Limited Warranty, Plaintiffs argue that Defendants "fraudulently conceal[ed] the material term that any claim . . . must be brought in Indiana courts and . . . [is] controlled by Indiana law." [DE 1, ¶ 18]. Moreover, Plaintiffs assert that they would not have purchased the camper but-for the alleged concealment of this "material term." [*Id.*]. Second, Plaintiffs allege that Defendants "falsely maintain[ed] the camper would be fit for its reasonable intended purpose . . . ." [*Id.* at ¶ 19]. Third, Plaintiffs allege that Defendants "misrepresent[ed] that repairs, alterations, modifications, or services had been done when they had not." [*Id.*].

In the instant motion, Defendants seek judgment on the pleadings on Count 1 of the Complaint. [DE 43]. Defendants argue that Plaintiff's VCPA claim fails to outline the "who, what, when, where, and how" of any of the alleged bases of fraud, nor does it provide any specific details regarding the alleged fraudulent conduct. [DE 44, page 3]. Instead, Defendants argue that Plaintiffs' VCPA claim "largely consists of formulaic recitations for which no actual deceptive conduct or consumer fraud is alleged or can be proven." [*Id.*]. In the absence of any argument to the contrary from Plaintiffs, this argument is well-taken. In *Orr v. Keystone*, the plaintiff argued that the defendant violated the VCPA "by falsely maintaining the camper would be fit for its reasonable intended purpose" and "by misrepresenting that repairs, alterations, modifications, or services had been done when they had not." *Orr*, 2024 WL 2883510, at *5 (E.D. Va. June 7, 2024)). The court in *Orr* found these allegations to be barebone because the plaintiff did not discuss a single advertisement or representation that the defendant made during

the sale of the camper. *Id.* In the instant case, Plaintiffs assert identical bases for their VCPA claim. Like the plaintiffs in *Orr*, Plaintiffs fail to allege any specific misrepresentations or fraudulent conduct by Defendants, or any other evidence that would provide factual support for their claims.

The Seventh Circuit has often observed: "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *G & S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 538 (7th Cir.2012) (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 158 F.3d 1039, 1041 (7th Cir.1999)). Because Plaintiffs have not alleged any misrepresentation made at the time of or prior to the sale of the camper, nor alleged any fraudulent conduct by any specific person in the employment of either of the Defendants, Plaintiffs' VCPA claim fails as a matter of law.

## CONCLUSION

The Court finds that Plaintiffs fail to allege sufficient facts to support a claim under the VCPA, and Defendants are entitled to a judgment as a matter of law. The Court hereby GRANTS Defendants' Motion for Judgment on the Pleading [DE 43] and ORDERS that Plaintiffs' VCPA claims against both Defendants are DISMISSED. Plaintiffs' Magnuson-Moss Warranty claim against Defendant Jayco remains pending.


SO ORDERED.

ENTERED: November 5, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court